UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| MEGED DAWVID YISRA'EL | |
| Petitioner, | Civil Action No. 5:11-00289-KSF |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

***** ***** ***** *****

Meged Dawvid Yisra'EL, confined in the Federal Medical Center in Lexington, Kentucky, has filed an "Emergency Petition for Writ of Mandamus" under 28 U.S.C. §§ 1361, 1651. [R. 1]. He asks this Court to order the Respondent, the United States Department of Justice ("DOJ"), to adjudicate a claim which he states that he submitted to the United States Marshals' Service ("USMS") on February 21, 2009, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

As Yisra'EL has been granted *in forma pauperis* status and is asserting claims against a government agency, the Court now screens his Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Both of these sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id*.; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). As explained herein, because Yisra'EL

has not established grounds warranting mandamus or other forms of emergency injunctive relief, his emergency petition seeking a writ of mandamus will be denied.

**ALLEGATIONS OF THE EMERGENCY PETITION**

Yisra'EL states that on August 21, 2002,[1] an unknown assailant shot him in the feet; that he sustained serious orthopedic injuries to both of his feet; that since that time, he has experienced, and continues to experience at the current time, serious medical problems with both of his feet; and that he has undergone over 30 surgical procedures to address his medical problems. Yisra'EL has been transferred among numerous Bureau of Prisons ("BOP") institutions since coming into federal custody in 2006. On May 15, 2011, he was transferred to FMC-Lexington, where he is currently confined.

Yisra'EL complains about the medical treatment he has received at the BOP institutions where he has been confined, specifically, the refusal to replace his implanted TENS[2] unit and provide him with certain pain and mental health medications. He alleges that, as a result of the denial of a new TENS unit and pain medication, the medical complications with his feet have worsened. Yisra'EL alleges that on February 21, 2009, he submitted an Administrative Claim

---

[1] In one passage of his motion, Yisra'EL stated that he was shot in the foot on August 21, **2008**, but that date appears to be erroneous. In the passage immediately following that statement, Yisra'EL alleged that he had undergone over thirty surgeries since August 21, **2002**. The remainder of Yisra'EL's factual allegations, which describe alleged events between 2004 and 2011, are consistent with him having been shot on August 21, **2002**, not August 21, 2008.

[2] A "TENS" unit is a Transcutaneous Electrical Nerve Stimulation Implant Unit Controller.

Form to USMS, demanding $604,795.00 in personal injury and property damages under the FTCA, [R. 1, p. 5, ¶ 21].

Yisra'EL attached his February 21, 2009, FTCA claim form, in which he alleged that on March 5, 2008, he was in the custody of the USMS in transit between the Lewisburg United States Penitentiary and the Federal Correctional Institution Loretto, both of which are located in Pennsylvania; that by the time he reached FCI-Loretto, the USMS had lost the external remote control of his TENS unit and his pain medication. [R. 1-1, pp. 30-32]. Yisra'EL demanded $4,795.00 in compensation for the loss of his personal property (the TENS unit device and his medication) and demanded $600,000.00 in compensation for his resulting bodily injury, pain, suffering, and emotional distress. [*Id.*, p. 30].

Yisra'EL alleges that as of August 26, 2011 (the date on which he signed his motion), he has received no response to his FTCA claim. [*Id.*, p. 2, § I]. Yisra'EL seeks an emergency Order directing the DOJ to respond to his February 21, 2009, FTCA claim.

## DISCUSSION
### 1. Failure to Exhaust FTCA Claims

The FTCA is a limited waiver of sovereign immunity, making the federal government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1975). It is the exclusive remedy for such acts or omissions. 28 U.S.C. § 2679. Unlike a suit against a private person, the Congress has created an administrative procedure that FTCA claimants must follow

and exhaust. This procedure allows the agency involved to receive a claim, investigate, and perhaps settle the dispute before a suit is filed. 28 U.S.C. § 2675.

A district court has subject matter jurisdiction over an FTCA claim only if the claimant has complied with two pre-conditions: (1) presented a claim to the appropriate federal agency within two years of its accrual,[3] and (2) commenced an action within six months after the agency mails the notice of final denial of the claim. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111 (1993); *Garrett v. United States*, 640 F.2d 24, 25 (6th Cir. 1981). The FTCA contains a strict statute of limitations that bars suit unless these two steps are taken. 28 U.S.C. § 2401(b); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002).

Yisra'EL states that he has received no response to his FTCA claim. The Court will accept as true Yisra'EL's allegations that he did in fact "present" his claim to the USMS on February 21, 2009, <u>and</u> that the USMS has not responded to his FTCA claim. Even so, the Court determines that because Yisra'EL has failed to administratively exhaust his FTCA claims under 28 U.S.C. § 2675(a), he has no enforceable claim under the FTCA. The failure of the

---

[3] Interpretative regulations provide that the claim must be presented in writing by the injured person or his duly authorized agent or legal representative and must be for "money damages in a sum certain." 28 C.F.R. §§ 14.2(a), 14.3(b). Specifically, § 14.2(a) provides in relevant part that:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident....

*Id*.

USMS to respond to Yisra'EL's FTCA claim by August 21, 2009, did not prevent Yisra'EL from filing suit in district court six-months after that date, thereby fully exhausting his FTCA claim. Section 2675(a) provides in relevant part:

> . . .The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C § 2675(a). *See also*, *Schomaker v. United States*, No. 07-CV-164-PB, 2007 WL 3237641, at *3 (D.N.H. October 29, 2007) (finding that the plaintiff properly filed an FTCA suit within six months of the federal agency's failure to respond to his FTCA claim).

In other words, the USMS had until August 21, 2009 (six months from February 21, 2009), in which to respond to Yisra'EL's SF 95 FTCA claim form. When the USMS did not respond on or before August 21, 2009, Yisra'EL was permitted to interpret that failure as a denial of his FTCA claim. Yisra'EL then had until February 21, 2010, (six months after August 21, 2009) in which to file a civil action in district court under the FTCA. But Yisra'EL does not allege that he filed suit on or before February 21, 2010. Instead, it appears that he did nothing until September 9, 2011, when he filed this action seeking emergency injunctive relief to compel the DOJ and/or the USMS to respond to his FTCA claim.

Under these facts, Yisra'EL has failed to exhaust his FTCA claims in accordance with 28 U. S. C. § 2675(a) because he failed to file suit within the applicable six-month period (between August 21, 2009 and February 21, 2010). Compliance with the exhaustion requirement is a jurisdictional prerequisite to filing suit under the FTCA, *Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994), and the requirement cannot be

5

waived. 28 U.S.C. § 2401(b); *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979); *Blakely*, 276 at 865; *Rogers v. United States*, 675 F.2d 123 (6th Cir. 1982); *Garrett*, 640 F.2d at 25. The plaintiff has the burden of demonstrating subject matter jurisdiction, *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996), and Yisra'EL has not established subject matter jurisdiction over the FTCA claim he is attempting to enforce.

2.  Mandamus Relief Unavailable

Yisra'EL seeks mandamus relief in this proceeding under the All Writs Act, codified at 28 U.S.C. § 1651, which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, that statute controls, not the All Writs Act. *Carlisle v. United States*, 517 U.S. 416, 429 (1996); *Pa. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985).

In other words, the All Writs Act is not an independent grant of jurisdiction to a court, but permits the issuance of writs in aid of the jurisdiction which a court independently possesses. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002); *Tropf v. Fidelity Nat. Title Ins., Co.*, 289 F.3d 929, 943 (6th Cir.2002) (holding that federal courts must have an independent basis for subject matter jurisdiction in order to issue a writ under § 1651). Here, mandamus relief under §1651 is unavailable because another statute, 28 U.S.C. §

2675(a), specifically governs the process for filing an FTCA claim, but Yisra'EL failed to exhaust his FTCA claim in the manner prescribed by § 2675(a).

Yisra'EL also relies on 28 U.S.C. § 1361, the Mandamus Act. His reliance on that statutory authority is equally misplaced. The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir.1992); *see also Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir.1998). Mandamus is a drastic remedy available only in the most extraordinary of situations in response to an act amounting to a judicial usurpation of power. *In re Nwanze*, 242 F.3d 521, 524 (3rd Cir.2001).

In order to avail himself of relief under the Mandamus Act, Yisra'EL would have to establish three things: (1) that he has a clear right to the relief he seeks (a response to his FTCA claim); (2) that the respondent has a nondiscretionary duty to respond to his FTCA claim; and (3) that he has no other adequate remedy. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (party seeking mandamus relief must show "clear and indisputable" right and have no other adequate remedy). Yisra'EL cannot make that showing because 28 U.S.C. § 2675(a) provides an available, adequate remedy for asserting an FTCA claim. Furthermore, neither respondent, the Department of Justice, nor the USMS was required to respond to Yisra'EL's FCTA claim, because as discussed, Yisra'EL could have

7

deemed the failure of the USMS to respond to his claim as a denial of the claim and proceeded to file suit in district court. Therefore, this Court lacks any basis for ordering either the Department of Justice or the USMS to respond to Yisra'EL's FTCA claim.

Because neither § 1651 nor § 1361 confer an independent basis for jurisdiction, Yisra'EL cannot establish relief under either statute. Because Yisra'EL has failed to exhaust his FTCA claims by failing to file suit within the requisite six-month period, *i.e.*, on or before February 21, 2010, this Court would have no reason (or authority) for compelling either the Department of Justice or the USMS to respond to Yisra'EL's FTCA claim. Accordingly, Yisra'EL has not established grounds warranting mandamus or other forms of emergency injunctive relief from this Court. His emergency petition seeking a writ of mandamus will therefore be denied.

### 3. Possible Medical Claims at FMC-Lexington

Yisra'EL suggests that he may be dissatisfied with his medical care at FMC-Lexington, but he does not actually assert an Eighth Amendment claim against any FMC-Lexington officials. If Yisra'EL intends to file another civil action asserting Eighth Amendment medical claims, or any other conditions of his confinement at FMC-Lexington, he must fully exhaust such claims through the BOP's administrative remedy procedures, 28 C.F.R. § 542.13-.15, and pay the $350.00 filing fee, although he may seek permission to proceed *in forma pauperis* and pay the filing fee in installments.

4. Dismissal of Action

Having adjudicated and rejected Yisra'EL's sole request - a motion seeking an emergency order and/or emergency injunctive relief - there is nothing further for the Court to consider, and accordingly, dismissal of this action is warranted. *See Abernathy v. Patterson*, 295 F.2d 452, 456 (5th Cir. 1961) (affirming dismissal of civil rights complaint where the district court had twice denied the plaintiffs' motion for preliminary injunction, which was the only relief they sought); *Cohen v. Dewalt*, No. 08-CV-288-JBC (E. D. Ky.) (Order, November 7, 2008, [R.13, p. 5], dismissing Bivens action where the court had, by prior Order, denied the plaintiff's motion seeking emergency injunctive relief, which was the only relief he had requested); *Lovaas v. Osen*, No. C-06-66-BU, 2007 WL 686689, *5 (D. Mont. March 5, 2007) (dismissing action where the court denied a request for a preliminary injunction and restraining order, which was the only relief sought in the Complaint and Petition); and *F.D.I.C. v. Lenz*, 323 F. Supp.2d 342, 346 (D. Conn. 2004) (dismissing action after denying the plaintiff's sole request for a preliminary injunction).

**CONCLUSION**

Accordingly, **IT IS ORDERED** that:

(1) The "Emergency Petition for Writ of Mandamus," [R. 1], filed by Petitioner Meged Dawvid Yisra'EL, is **DENIED**;

(2) If Yisra'EL intends to file a future civil rights action asserting Eighth Amendment medical claims, or any other conditions of his confinement at FMC-Lexington, he must fully exhaust such claims through the BOP's administrative remedy procedures, 28

9

C.F.R. § 542.13-.15, and either pay the $350.00 filing fee or seek permission to proceed *in forma pauperis*.

(3) This proceeding is **DISMISSED** and stricken from the Court's active docket, and

(4) Judgment in favor of the named Respondent, the United States Department of Justice, will be entered on the same date herewith.

This September 23, 2011.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**