UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

MEGED DAWVID YISRA'EL

Petitioner,

v.

UNITED STATES DEPARTMENT
OF JUSTICE,

Respondent.

Civil Action No. 5:11-00289-KSF

**MEMORANDUM OPINION**
**AND ORDER**

\*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*

Meged Dawvid Yisra'EL, confined in the Federal Medical Center in Lexington, Kentucky, has filed a motion under Federal Rule of Civil Procedure 59(e) seeking reconsideration of the Order and Judgment dismissing his Emergency Petition for Writ of Mandamus, [R. 6], and a motion asking the Court to "show cause" why he should not seek "advisory mandamus," [R. 7]. For the reasons set forth below, the Court will deny Yisra'EL's Rule 59(e) motion, and deny his subsequent "show cause" motion as moot.

## BACKGROUND

On September 9, 2011, Yisra'EL filed an "Emergency Petition for Writ of Mandamus" to require the United States Department of Justice ("DOJ"), to adjudicate an administrative claim he had submitted under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, seeking damages for the alleged loss of a "TENS" (nerve stimulation implant) unit and his pain medicine, and the subsequent refusal of the USMS to replace his property.[1]

---

[1] In Yisra'EL's February 21, 2009, FTCA claim form, he alleged that on March 5, 2008,
(continued...)

Yisra'EL alleged that on February 21, 2009, he submitted his FTCA administrative claim to the United States Marshals Service ("USMS"), but that as of August 26, 2011 (the date he signed his Emergency Petition in this case), the USMS had not responded to his claim.

On September 23, 2011, the Court entered a Memorandum Opinion and Order ("Opinion and Order") denying Yis'ra'EL's emergency petition and dismissing this action, [R. 4]; *see also*, *Yisra'EL v. Department of Justice*, No. 11-CV-289-KSF, 2011 WL 4458772, (E.D. Ky. September 23, 2011), and entered Judgment in favor of the DOJ [R. 5]. In the Opinion and Order, the Court stated that assuming Yisra'EL submitted his FTCA claim to the USMS on February 21, 2009, and further assuming that the USMS failed to address his claim within six months of that date, *i.e.*, on or before August 21, 2009, Yisra'EL then had six months from that date - until February 21, 2010 - in which to file suit on his FTCA claim in district court. *See Yisra'el*, 2011 WL 4458772, at *2-3, and [R. 4, pp. 4-6].

The Court explained that because compliance with the FTCA's exhaustion requirement is a jurisdictional prerequisite to filing an FTCA action, and because Yisra'EL did not file this action until September 9, 2011, after the six-month statute of limitations for filing an FTCA action had expired on February 21, 2010, it lacked subject matter jurisdiction over Yisra'EL's claims. [*Id.*]. The Court also rejected Yisra'ELs claims that he was entitled to relief under the

---

[1](...continued)
he was in the custody of the United States Marshals Service ("USMS") in transit between the Lewisburg United States Penitentiary and the Federal Correctional Institution Loretto, both of which are located in Pennsylvania, and that by the time he reached FCI–Loretto, the USMS had lost the external remote control of his TENS unit and his pain medication. [R. 1–1, pp. 30–32]. Yisra'EL demanded $4,795 .00 in compensation for the loss of his personal property (the TENS unit device and his medication) and demanded $600,000.00 for his resulting bodily injury, pain, suffering, and emotional distress.

2

All Writs Act, 28 U.S.C. § 1651, and the Mandamus Act, 28 U.S.C. § 1361. *See Yisra'el*, 2011 WL 4458772, at *3-4; [R. 4, pp. 6-8].

On October 11, 2011, Yisra'EL filed an "Objection" to the Opinion and Order, in which he asked for reconsideration of the dismissal under Rule 59(e). [R. 6]. Yisra'EL argued that the Court erroneously determined that he had only until February 21, 2010 (six months from August 21, 2009) in which to file suit on his FTCA claims, and that the six-month period for filing an FTCA action is tolled indefinitely until the federal agency denies the FTCA claim.

On January 20, 2012, Yisra'EL filed a motion asking the Court to "show cause" why he (Yisra'EL) should not seek mandamus relief in the Sixth Circuit Court of Appeals with respect to the demands set forth in his original Emergency Motion, noting that ninety days had lapsed since he had filed his "Objection" to the Opinion and Order. *See* Motion, [R. 7]. On March 19, 2012, Yisra'EL filed a Petition for Writ of Mandamus in the Sixth Circuit. [R. 8]. *See In re: Meged Yisra'el*, Sixth Circuit Case No. 12-5289.

## DISCUSSION

Based on *Mack v. United States*, 414 F.Supp. 504 (E.D. Mich. 1976), *Conn v. United States*, 867 F.2d 916 (6th Cir. 1989), and other cases, Yisra'EL's argument that he filed this FTCA action in a timely manner may have merit,[2] but this action will not be re-

---

[2] In *Mack*, the plaintiff submitted his claim for property damage to the United States Postal Service ("USPS"). Three years passed without the USPS issuing a denial or taking any action on the plaintiff's administrative claim. The plaintiff filed suit, and the government filed a motion to dismiss for lack of jurisdiction. The district court denied the motion, stating "it is evident that Congress intended to prescribe a period no longer than six months after agency denial of a claim for filing suit in federal court." *Id*. at 506. However, the district court stated that it was less clear what Congress intended in cases where no notice of a final agency denial is mailed. After reviewing § 2675(a) and § 2401(b), the
(continued...)

opened because the Court lacks subject matter jurisdiction over the FTCA claims. "The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 464, n.3 (6th Cir. 2011); *In re Lewis*, 398 F.3d 735, 739 (6th Cir.2005). *See also*, FED. R CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Title 28 U.S.C. § 2679(a) specifically requires a plaintiff to name the United States as a defendant to an FTCA action. When Yisra'EL filed his Emergency motion/initiating document on September 9, 2011, he named the DOJ as the respondent/defendant to this action, not the United States. The DOJ is a federal agency, but a federal agency may not be sued under the FTCA. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994) ("Thus, if a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued

---

²(...continued)
district court held that "the six-month period of § 2401(b) was tolled during the time the case was before the agency [USPS]." *Id*. at 508.

In *Conn v. United States*, 867 F.2d 916 (6th Cir. 1989), the plaintiff filed a tort claim against the BOP almost four years after the expiration of the six-month period which the BOP had to act on his administrative claim under § 2675(a). The district court dismissed the complaint as untimely. *Id*. at 918. On appeal, the BOP argued that the dismissal was proper because§ 2675(a) contains an implied condition that a court action must be filed within a reasonable period of time after the six-month administrative response period expires. *Id*. at 920.

In reversing, the Sixth Circuit adopted the holding in *Mack* and held that the six-month period within which the action must be filed is tolled so long as the claim is not finally denied. *Conn*, 867 F.2d at 920. *See also Ellison v. United States*, 531 F.3d 359, 363 (6th Cir. 2008) (holding that federal tort claimants may initiate suit in federal court at any point after six-month agency "inaction," but that once the agency affirmatively denies a claim, they must file suit within six months of that denial); *Reo v. United States Postal Service*, 98 F.3d 73, 78 (3d Cir. 1996); *Pascale v. United States*, 998 F.2d 186 (3d Cir. 1993); and *Wolton v. United States*, 199 F. Supp.2d 722, 729 (S.D. Ohio 2002) (permitting a plaintiff to file a lawsuit irrespective of the six-month requirement when the agency failed to issue a denial letter or take any action as to the plaintiff's FTCA administrative claim).

'in its own name,' despite the existence of a sue-and-be-sued clause."). Federal agencies may not be sued *eo nomine* ". . . except as authorized by Congress in 'explicit language.'" *Castleberry v. Alcohol, Tobacco & Firearms Div.*, 530 F.2d 672, 673 n. 3 (5th Cir. 1976) (quoting *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952)).

In *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990), the plaintiff named only the United States Post Office and an individual postal worker as defendants to his FTCA Complaint. The district court dismissed the action for lack of subject matter jurisdiction, and on appeal, the Sixth Circuit affirmed, stating that: "The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Id*. at 871. *See also*, *DMC-Memphis, Inc. v. Mutual of Omaha Ins. Co.*, 105 F. App'x 671, 675 (6th Cir. 2004) (dismissing FTCA claims filed against the United States Department of Health and Human Services); *Vernell by and through Vernell v. United States Postal Service*, 819 F.2d 108, 110 (5th Cir. 1987) (dismissing claim filed against United States Postal Service); *Morris v. Washington Mut. Bank*, No. 2:10-CV-13891, 2011 WL 4507359, at *2 (E.D. Mich. September 29, 2011) (dismissing FTCA action brought against officials of a Michigan county and a bank); *Taylor v. United States*, No. 1:10-CV-00204, 2011 WL 2181888, at *7 (E. D. Tenn. June 3, 2011) (dismissing the plaintiff's claims against the BOP and Salvation Army for lack of subject matter jurisdiction over the plaintiff's FTCA claims against them).

Thus, by naming the DOJ as the respondent/defendant to this action, not the United States, Yisra'EL failed to invoke this Court's subject matter jurisdiction. This action was dismissed on September 23, 2011, for lack of subject matter jurisdiction, albeit for other reasons,

5


but as explained above, that result was warranted. Yisra'EL's Rule 59(e) motion for reconsideration will be denied, and his subsequent "show cause" motion will be denied as moot.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Meged Dawvid Yisra'EL's Objection/Motion for Reconsideration under Rule 59(e), [R. 6], is **DENIED**;

(2) Yisra'EL's motion asking the Court to "show cause" why he should not seek mandamus relief in the Sixth Circuit Court of Appeals, [R. 7], is **DENIED as MOOT**;

(3) The Opinion and Order and Judgment, [R. 4 and R. 5], will not be set aside and this proceeding remains **DISMISSED** for the reasons set forth in this Order; and

(4) The Clerk of the Court shall transmit a copy of this Memorandum Opinion and Order to the Clerk of the Sixth Circuit Court of Appeals, referencing Case No. 12-5289.

This April 4, 2012.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**